IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dwayne Jackson, ) | Civil Action No. 0:12-cv-2572-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On June 27, 2014, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that the position taken by the defendant in this action was not substantially justified. Defendant filed a response on July 14, 2014. In the response, the government asserts that the motion should be denied because its position was substantially justified. The commissioner does not contest the amount of the requested fees. Plaintiff filed a Reply on July 24, 2014, in which she responds to the Commissioner's arguments.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir. 1991).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted,

is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

The defendant contends that her position was substantially justified because Magistrate Judge Gossett recommended that the ALJ's decision be affirmed and that this shows that reasonable minds could differ on the matter. She also asserts that it is the plaintiff's burden to show that an allegedly severe impairment "significantly limits her physical or mental ability to do basic work activities" and that the ALJ and Magistrate Judge "supportably determined that Plaintiff failed to demonstrate any particular functional limitations." (ECF No. 47, p. 5, citing Washington v. Astrue, 698 F. Supp.2d 562, 580 (D.S.C. 2010). Plaintiff counters that the ALJ did not follow established legal authority which provides that the Step 2 severity analysis is "a *de minimis* screening device to dispose of groundless claims . . . and that an impairment is 'severe' if it is more than 'meaningless'" (ECF No. 48, p. 2)

This court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate. An R&R favorable to the Commissioner "should be considered as evidence that could support a finding that the Commissioner's position was substantially justified. In a totality of the circumstances test, the court would consider a favorable (R&R) as strong evidence supporting the government's defense of its position. It is not, however, a preclusive factor." Rowe v. Colvin, No. 3:13-cv-00573-MOC-DLH, 2015 WL 1756462, at *3

(W.D.N.C. April 17, 2015). Here, the Court agrees with the plaintiff that the ALJ did not follow established legal authority in finding that the plaintiff's bipolar disorder and schizoaffective disorder were not severe impairments. Therefore, the Court finds that the government's position was not substantially justified.

On the basis of the above, the Court finds the position of the government was not substantially justified and that the plaintiff should be awarded attorney's fees pursuant to EAJA. Therefore, the Court awards the plaintiff attorney fees in the amount of $6,743.74 ( 36.50 hours of attorney time x $184.76 per hour). Regarding the appropriate payee of the check, the United States Supreme Court has determined that the party and not the attorney is the prevailing party under the EAJA statute. Astrue v. Ratliff, 130 S.Ct. 2521, 2528-29 (2010). The Court accordingly orders that the EAJA attorney's fee payment should be made payable to the plaintiff as the prevailing party rather than the attorney. However, the check should be mailed to the attorney, with notice of this mailing being sent to the plaintiff.

**IT IS SO ORDERED**.

    s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

May 14, 2015
Florence, South Carolina